**Eddie NEAL, Plaintiff–Appellant,**

v.

**PEERLESS ELECTRONIC,**
**Defendant–Appellee.**

**Docket No. 04–5592.**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2005.

Eddie Neal, Jamaica, NY, for Appellant, pro se.

Marc Wenger, Jackson Lewis LLP, Melville, NY, for Appellee.

Present: MESKILL, CABRANES Circuit Judges, and MUKASEY,* District Judge.

* The Honorable Michael B. Mukasey, Chief Judge of the United States District Court for

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

On July 23, 2001, plaintiff Eddie Neal filed a complaint in the District Court, alleging that his former employer, Peerless Electronic, discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964. In a Memorandum and Order of October 29, 2003, the District Court granted summary judgment in defendant's favor. The judgment dismissing plaintiff's complaint was entered on the District Court's docket on November 18, 2003. On December 17, 2003, plaintiff moved for reconsideration "on the ground of new evidence." The District Court denied the reconsideration motion in a Memorandum and Order dated August 12, 2004 because the motion (1) was time-barred under the District Court's Local Civil Rule 6.3, which provides that a notice of a motion for reconsideration of a court order resulting in a judgment must be served within ten days after the entry of the judgment; and (2) failed to allege "new evidence" that would support relief under Federal Rule of Civil Procedure 60(b)(2). The Court's Memorandum and Order was entered on August 18, 2004. On August 30, 2004, plaintiff again moved for reconsideration alleging that he can present new evidence. The District Court denied this second motion on September 7, 2004, relying on the reasons stated in its Memorandum and Order of August 12, 2004. The Court's order denying the second motion was entered on September 14, 2004. On September 21, 2004, plaintiff filed a notice of appeal to this Court.

 According to his notice of appeal, plaintiff seeks to appeal from the District Court's order of August 30, 2004. Yet no order was entered by the District Court in this case on that date. We construe plaintiff's appeal to be from the District Court's order of September 7, 2004, denying plaintiff's second motion for reconsideration—the only order from which an appeal is not time-barred. *See* Fed. R.App. P. 4(a)(1)(A) (providing that, with exceptions not applicable here, the notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered"). Plaintiff's *pro se* status does excuse noncompliance with procedural rules. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

Under Rule 60(b), a district court "may relieve a party ... from a final judgment, order, or proceeding" for reason of, *inter alia,* "newly discovered evidence." We review "a district court's denial of a Rule 60(b) motion for an abuse of discretion," *Okemo Mountain, Inc. v. U.S. Sporting Clays Ass'n,* 376 F.3d 102, 104 (2d Cir.2004), and—having carefully reviewed the record of this case and the District Court's September 7, 2004 order—we find none.

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

the Southern District of New York, sitting by designation.